# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BRIAN STEPHENS**　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #150292**

v.　　　　　　　　　NO. 4:25-cv-00881-JM-PSH

**AUNDREA F. CULCLAGER,** *et al.*　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Brian Stephens, an inmate at the Wrightsville Hawkins Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 28, 2025 (Doc. No. 2). Stephens was granted leave to proceed *in forma pauperis* (Doc. No. 3).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Based on its review, the Court will afford Stephens the opportunity to clarify his claims by filing an amended complaint on the form provided. In an amended complaint, Stephens should describe the involvement of **each** named defendant in the alleged violations of his rights. A defendant may not be held liable under § 1983

unless he or she was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Additionally, neither the ADC nor one of its units is an entity subject to suit under § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought).

Stephens is cautioned that an amended complaint will render his prior complaint and addendum without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Stephens fails to file an amended complaint conforming to this order within thirty days, some or all of his

claims may be dismissed. The Clerk of Court is directed to send Stephens a blank § 1983 form.

IT IS SO ORDERED this 6th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE